**ZEE LAW GROUP P.C.**
Tappan Zee (SBN 216118)
9660 Telstar Avenue
El Monte, CA 91731
Telephone: (626) 588-1600
Fax: (626) 602-3827
info@zeelawgroup.com

**OLSHAN FROME WOLOSKY LLP**
Thomas J. Fleming (*pro hac vice to be submitted*)
1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300
Fax: (212) 451-2222
tfleming@olshanlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI-SHING TAO. <br><br> Plaintiff. <br><br> v. <br><br> ALBERT P. BEHLER. <br><br> Defendant. | Case No. 2:25-CV-08959 <br><br> **COMPLAINT FOR BREACH OF CONTRACT** |

Plaintiff Kai-Shing Tao ("Tao" or "Plaintiff"), by his attorneys, Tappan Zee, Esq., alleges on knowledge as to his own acts and otherwise on information and belief as follows:

## INTRODUCTION

1. Plaintiff seeks to recover his attorneys fees incurred in an earlier litigation brought by defendant, where the Court dismissed defendant's Complaint. The fees are owed under the "prevailing party" clause in the agreement that the Court enforced in dismissing the Complaint.

## THE PARTIES

2. Plaintiff Kai-Shing Tao is a citizen of Nevada. He serves as the Chief Executive Officer and Chairman of the Board of Remark Holdings, Inc., a publicly traded company with headquarters in Las Vegas, Nevada.

3. Upon information and belief, defendant Albert Behler ("Behler" or "Defendant") is a citizen of Germany and resident of New York.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2). There is complete diversity between Plaintiff and Defendant as Plaintiff is a citizen of Nevada and Defendant is a citizen of Germany, a foreign state, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper pursuant to Section 13.5 of the operating agreement, as amended, of Digipac LLC ("Digipac"), as amended, which provides that the exclusive jurisdiction of the state and federal courts sitting in Los Angeles County, California, "for any action, suit, proceeding, claim, or counterclaim directly or indirectly arising out of, under or in, any way relating to this Agreement or the transactions contemplated by this Agreement." The New York Court of Appeals previously determined that the operating agreement, as amended, is valid and binding on the parties, both members of Digipac.

## FACTUAL BACKGROUND

6. In June 2020, defendant Behler sued Plaintiff in *Behler v. Tao*, Index No. 652567/2020 (Sup. Ct. N.Y. County), seeking to enforce an alleged oral agreement by Tao to provide Behler with an opportunity to "exit" his investment in Digipac. Behler is a member of Digipac. Tao is the sole manager of Digipac.

7. Tao moved to dismiss Behler's Complaint as barred by the Amended Operating Agreement (the "Agreement") for Digipac, invoking, among other provisions, the merger clause in the Agreement. The trial court (Borrok, J.) agreed

and dismissed Behler's Complaint. 2022 NY Slip Op. 34708(U) (June 8, 2022). The First Department affirmed. 227 A.D.3d 121, 208 N.Y.S.3d 167 (1st Dep't 2024). The Court of Appeals then heard Behler's appeal and it, too, affirmed. 2025 NY Slip Op. 00803 (Feb. 13, 2025). The Court of Appeals held, "Because the amended LLC agreement's merger clause unambiguously nullifies the prior oral agreement between plaintiff and defendant, defendant has conclusively established a defense to plaintiff's claims as a matter of law."

8. The Agreement enforced by the Court of Appeals contains a prevailing party clause, Section 13.17, which provides, "If any action is brought to enforce or interpret any provision of this Agreement, or the rights or obligations of any party hereunder, the prevailing or successful party shall be entitled to recover all reasonable attorneys fees and costs incurred or sustained by such party in connection with such action."

9. Behler has refused to pay Plaintiff's reasonable attorneys fees, which are approximately $250,000, in breach of the Agreement.

10. Behler has claimed that the earlier case was brought against Tao in his personal capacity and not as a member or manager of Digipac. The Court of Appeals has ruled otherwise, holding, "We reject this assertion as belied by plaintiff's own characterization of the oral agreement …"

11. Behler has also claimed that his Complaint asserted claims outside the Agreement, thereby avoiding the prevailing party clause. But the plain language of the clause demonstrates that its scope cannot be so easily avoided.

12. The prevailing party clause extends to "any action … brought to … interpret any provision of this Agreement." The Behler Complaint required three Courts to interpret the merger clause as well as other provisions in the Agreement. For example, the Court of Appeals ruled:

> [b]ecause the oral agreement and amended LLC agreement involve the same subject matter, the amended LLC agreement superseded the oral agreement through the merger clause. The oral agreement

concerns investment in Digipac, the liquidation of Digipac's assets and distribution of the proceeds, and the transfer of a Digipac membership interest. The amended LLC agreement contains provisions which govern all of those issues, in line with its express purpose "to provide for the … distributions among the Members" and "the rights, obligations and interests of the Members to each other and to the Company."

13. The prevailing party clause also encompasses "any action … brought to enforce or interpret … the rights or obligations of any party hereunder." The Behler Complaint sought to enforce Behler's rights, and he is a party to the Agreement. It also sought to "interpret … the rights or obligations" of Tao, who was also party to the Agreement.

14. Accordingly, Behler has breached the Agreement by failing to reimburse Tao for his reasonable attorneys fees incurred in *Behler v. Tao*.

15. Should Plaintiff prevail in this action, he is entitled to recover his fees in this case under the same prevailing party clause.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

16. Plaintiff repeats and realleges paragraphs 1 through 15 hereof, as if fully set forth herein.

17. Plaintiff is the prevailing party in *Behler v. Tao* and is entitled to recover his attorneys fees under Section 13.17 of the Agreement.

18. Plaintiff has made demand on Behler for payment of those fees, estimated at $250,000, but Behler has refused to pay.

19. By reason of the foregoing, defendant has breached his contractual obligations to plaintiff.

20. Accordingly, Defendant is liable to Plaintiff for reasonable attorneys fees incurred in *Behler v. Tao* and for any fees incurred in this action should Plaintiff prevail.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against defendants, as follows:

A. The Court award Plaintiff damages in an amount to be determined at trial, estimated at $250,000, plus interest costs, and attorneys fees as a prevailing party.

B. Such other relief as the Court deems just and proper.

DATED: September 19, 2025

/s/Tappan Zee Esq.
**ZEE LAW GROUP P.C.**
Tappan Zee (SBN 216118)
9660 Telstar Avenue
El Monte, CA 91731
Telephone: (626) 588-1600
Fax: (626) 602-3827
info@zeelawgroup.com

**OLSHAN FROME WOLOSKY LLP**
Thomas J. Fleming (*pro hac vice to be submitted*)
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300
Fax: 212-451-2222
tfleming@olshanlaw.com